IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

David M. Shelton, and )
DesignSense, Inc. ) Civil Action No. 11-CV-02891-PAB-MJW
Plaintiffs, )
)
v. )
)
MRIGlobal, a non-profit corporation, )
formerly Midwest Research Institute )
it's National Renewable Energy )
Laboratory Division )
And )
Alliance for Sustainable Energy, LLC )
)
Defendants )

## FIRST AMENDED COMPLAINT

The plaintiffs, David M. Shelton (hereinafter "Shelton") and DesignSense, Inc., for their causes of action against MRIGlobal, formerly Midwest Research Institute (hereafter "MRI") and the Alliance for Sustainable Energy, LLC (hereafter the "Alliance"), allege and state:

### Facts Applicable to All Counts

a. Parties

1. David M. Shelton is a Kansas resident. David Shelton owns 20% of the outstanding shares of DesignSense, Inc.

2. DesignSense, Inc. is a Missouri Corporation registered to do business in Colorado with a principal place of business at 9408 Pflumm Road, Lenexa, Kansas 66215.

3. MRI is a Missouri non-profit corporation with a registered agent of Reachel Beichley, 425 Volker Boulevard, Kansas City, Missouri 64110.

4. The Alliance is a Delaware Limited Liability Company registered to do business in Colorado and may be served at its registered agent Steven A. Silbergleid, NREL, 1617 Cole Boulevard, Mailstop 1734, Golden, CO 80401. MRI and a company called Battelle are the two members of the Alliance.

a. Jurisdictional Statement

5. On or about September 4, 2007, DesignSense signed a "Subcontract No. AFJ-7-77640-01 (hereafter "Subcontract") with MRI, which contains the following provision at Clause 2 B:

"The parties agree that the appropriate forum for the resolution of any dispute or claim pertaining to this subcontract shall be a court of competent jurisdiction as follows: 1. Subject to paragraph (b)(2) of this clause, any such litigation shall be brought and prosecuted exclusively in Federal District Court; with venue in the United States District Court of Colorado in Denver, Colorado. 2. Provided, however, that in the event that the requirements for jurisdiction in any Federal District Court are not present, such litigation shall be brought in a court of competent jurisdiction in the county of Jefferson and State of Colorado."

6. The Subcontract has the additional provision at Clause 2 C that is relevant to jurisdiction, which states: "Any substantive issue of law in such dispute, claim, or litigation shall be determined in accordance with the body of applicable Federal law relating to the interpretation and application of clauses derived from Federal Acquisition Regulations and the Department of Energy Acquisition Regulations that implement and supplement the FAR. If there is no applicable Federal law, the law of the State of Colorado shall apply in the determination of such issues. Conflict of law provisions shall not determine applicable governing law...."

7. So, the Subcontract states the party's choice of federal court and federal law to interpret and help resolve disputes.

8. Further, Plaintiff has asserted a Lanham Act claim (15 U.S.C. § 1125) and a Copyright Claim (17 U.S.C. § 501), both of which are federal statutes that give rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331.

9. This court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

10. The party's selected federal law, and it applies to Plaintiff's claims Lanham Act and Copyright claims. Therefore, this court has original jurisdiction over this matter and the claims asserted by Plaintiff.

  b. Factual Summary

11. On or about August 6, 2007, DesignSense and Shelton provided to MRI a "Proposal for Professional Services" based on DesignSense's use of the copyrighted 3PQ RFP structure and other proprietary information identified.

12. The "Proposal for Professional Services" included material (3PQ copyrighted RFP structure) that was owned by DesignSense and Shelton prior to the execution of the Subcontract, and therefore was not produced during the pendency of the Subcontract.

13. The August 6, 2007 proposal had a notice on the front page that states: "This offer includes data that shall not be disclosed outside the government or NREL and shall not be used or disclosed-in whole or in part-for any purpose other than to evaluate this offer. If, however, a subcontract is awarded to this offeror as a result of-or in connection with-the submission of this data, the government or NREL shall have the right to duplicate, use, or disclose the data to the extent provided in the resulting subcontract. ...The data subject to

this restriction are contained in section 7.2 Demonstrated Ability of this offer." A true and correct copy of the first page of the August 6, 2007 proposal is attached as Exhibit A.

14. On or about September 4, 2007, DesignSense signed a "Subcontract No. AFJ-7-77640-01 (hereafter "Subcontract") with MRI.

15. MRI had entered into a contract with the Department of Energy, an agency of the U.S. Government, for the operation and management of the National Renewable Energy Laboratory in Golden, Colorado.

16. As part of the Subcontract, DesignSense was to provide design-build support services including providing to MRI a derivative work of it's copyrighted and proprietary 3PQ RFP structure.

17. DesignSense was not hired to develop a new structure, including its 3PQ RFP structure.

18. The 3PQ RFP structure is a proprietary format developed by David M. Shelton and licensed to DesignSense to create derivative works to assist owners like the Department of Energy to manage and control the design and build process for buildings.

19. David M. Shelton has registered the 3PQ RFP structure with the United States Patent and Trademark office and has received Copyright no. TX 7-383-292 for 3PQ. The date of the first publication of 3PQ is January 15, 2003.

20. Article 7 of the Subcontract recognizes that DesignSense's technical data that is included in its August 6, 2007 proposal is proprietary.

21. Clause 3, Subsection C1 and C2 of the Subcontract recognizes and protects copyrights, giving the government a license to use the copyright material with the proper attribution.

22. Clause 3, Subsection C3 states: "The Government agrees not to remove any copyright notices place (sic) on data pursuant to this paragraph (C), and to include such notices on all reproductions of the data."

23. Further, the work product from DesignSense under the Subcontract included copyright protection and claims for Shelton's copyrighted 3PQ RFP structure.

24. The touchstone of 3PQ is the advertisement of a fixed price associated with a variable scope, which defines a purchasing strategy known as the preferred price priority queue. These elements are identified in the copyright granted to David M. Shelton, the instruments of service generated by DesignSense for MRI, and the August 6, 2007 proposal.

25. As DesignSense worked with MRI and provided derivatives of the 3PQ RFP generated using its copyrighted 3PQ structure, each version had the copyright notice.

26. At the core of each derived 3PQ RFP version was the copyrighted 3PQ structure.

27. On September 14, 2007, to facilitate MRI's use of the final proposal document, Karen Leitner with MRI/NREL requested from DesignSense that it agree to certain copyright terms. In a September 14, 2007 letter from Leitner to David Shelton, MRI/NREL states: "We agree that in the event it is necessary to reproduce and distribute the copyright material to any entity outside of NREL, we will not remove your copyright emblem from such reproduced material." A copy of the September 14, 2007 is attached as Exhibit B.

28. After the September 14, 2007 letter was delivered by MRI/NREL, Ms. Leitner requested that DesignSense remove a copyright notice from the 3PQ RFP created by DesignSense in order to work with contractors.

29. Shelton objected to the removal of the copyright notice from the 3PQ RFP. Leitner then indicated it would be removed only for the use by three pre-qualified bidders during the National Renewable Energy project and that Defendants legal counsel would first design a protection plan for the document to protect it from entities outside the particular procurement and to protect its use to only the three pre-qualified bidders during the National Renewable Energy project.

30. DesignSense meeting minutes from this exchange support its position.

31. MRI's counsel never contacted Shelton or DesignSense to work out the protection plan promised in exchange for the removal of the copyright notice for the 3PQ RFP.

32. DesignSense completed its work on the Subcontract in 2008.

33. Then, in February 2011 Shelton learned that MRI and the Alliance for Sustainable Energy, LLC had posted the final 3PQ RFP (created by DesignSense) in the same form created by DesignSense on the NREL website operated and managed by the Alliance, which is www.nrel.gov/news/rsfnews/pdfs/research_support_facility_faqs.pdf, without the copyright notice.

34. After DesignSense and Shelton learned that its copyrighted 3PQ RFP was posted without the copyright notice, it demanded that the copyright notice be recognized on the posted document, that it be given proper attribution, or that it be taken down.

35. MRI and the Alliance refuse to return the copyright notice and the document remains posted on the NREL site. MRI and the Alliance continue to use DesignSense's copyrighted 3PQ RFP without attribution.

36. Further, DesignSense has identified several instances where Defendants have claimed that the 3PQ RFP was MRI's and the Alliance's work product, that they had prepared the 3PQ RFP, and were responsible for its contents. Upon information and belief, Defendants have used the 3PQ RFP to promote their business and to try and win business for itself.

37. DesignSense and Shelton have lost business because of the lack of attribution

on the 3PQ RFP format, including projects with Stanford University and others because Defendants have used its 3PQ RFP as if it was their own creation. Further, DesignSense was hired by The Alliance for Sustainable Colorado to do work similar to what was done under the Subcontract, but when the Alliance for Sustainable Colorado learned of the RFP posted on Defendant's website it halted DesignSense's work, costing DesignSense a project worth at least $124,500.

## Count I
## Breach of Subcontract

DesignSense, for Count I of its First Amended Complaint against MRI, states:

38. DesignSense incorporates and restates its allegations in paragraphs 1-37 into this Count.

39. The Subcontract is a valid agreement. DesignSense performed all of its obligations under the contract.

40. The Subcontract states that Defendant will not remove copyright notices. This agreement was later enforced and emphasized through the September 14, 2007 Leitner letter.

41. Defendant approved of the copyright notice as it accepted several versions of the 3PQ RFP with the notice affixed to it.

42. MRI breached the contract by disclosing DesignSense's copyrighted work product without the copyright notice and by not properly protecting the limited rights data.

43. MRI breached the contract by using DesignSense's proprietary and confidential information as its own for business purposes depriving DesignSense of business opportunities.

44. MRI also breached this contract by failing to protect the 3PQ RFP from publication and dissemination outside of the party's relationship.

45. As a result of the breach of contract, DesignSense has suffered damages to be proven at trial.

Wherefore, for the above-stated reasons, DesignSense, Inc. respectfully requests that the Court enter a judgment in its favor and against MRI under Count I for a sum that exceeds $50,000, together with attorney fees and costs of this action, accrued interest at the rate allowable by law, and any additional relief as this Court may deem just and proper.

## Count II
## Trade Secret Act

DesignSense and Shelton, for Count II of its First Amended Complaint against MRI and the Alliance states:

46. DesignSense and Shelton incorporate and restate its allegations in paragraphs

1-37 into this Count.

47. DesignSense and Shelton's 3PQ RFP structure is a trade secret.

48. DesignSense's 3PQ RFP prepared for MRI includes trade secrets and confidential information.

49. MRI and the Alliance have disclosed the 3PQ RFP structure to the world by posting the RFP prepared by DesignSense without proper attribution or consent.

50. MRI and the Alliance knew that the 3PQ RFP and RFP structure were acquired under circumstances giving rise to a duty to maintain its secrecy and limit its use.

51. Upon information and belief, Defendants have used DesignSense's trade secrets to further their own business purposes to the determent of DesignSense's business.

52. As a result of the use by Defendants of DesignSense's trade secrets, DesignSense has been damaged and continues to be damaged.

Wherefore, for the above-stated reasons, DesignSense and Shelton respectfully requests that the Court enter a judgment in its favor and against MRI and the Alliance for Sustainable Energy, LLC under Count II for a sum that exceeds $50,000, together with attorney fees and costs of this action, accrued interest at the rate allowable by law, and any additional relief as this Court may deem just and proper.

### Count III
### Lanham Act 15 U.S.C. § 1125

Shelton and DesignSense, for Count III of its First Amended Complaint against MRI and the Alliance, states:

53. Shelton and DesignSense incorporate and restate its allegations in paragraphs 1-37 into this Count.

54. MRI and the Alliance are using in commerce at its website Shelton's 3PQ copyrighted format and documents.

55. MRI and the Alliance posted the 3PQ RFP that DesignSense prepared for Defendants under the Subcontract in the exact form as the 3PQ RFP delivered by DesignSense to the Defendants.

56. The Defendants use of DesignSense's 3PQ RFP and 3PQ structure in commerce is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection and association between the 3PQ RFP, 3PQ structure and its owner and creator David Shelton.

57. Defendants, by placing the 3PQ RFP on its website and by promoting the RFP in its renewable energy business have misrepresented the nature, characteristics, qualities and origin of the 3PQ RFP and 3PQ structure.

58. MRI and the Alliance, despite Shelton's demands, have failed to give Shelton proper attribution and copyright notice for its 3PQ derivative work.

59. The Defendants have also refused to stop using DesignSense's 3PQ RFP derivative work and claiming unlimited rights to use it.

60. The failure of MRI to properly attribute the 3PQ RFP to Shelton is a misrepresentation to the market place on the development, ownership and intellectual property behind the derived 3PQ RFP and its origin.

61. As a result of this violation, Shelton has been damaged and continues to be damaged, and is entitled to (1) defendant's profits from the use of the 3PQ RFP format, (2) any damages sustained by the plaintiff as a result of the violations, and (3) the costs of the action under 15 U.S.C. § 1117.

Wherefore, for the above-stated reasons, Shelton and DesignSense respectfully requests that the Court enter a judgment in its favor and against MRI and the Alliance under Count III for a sum that exceeds $50,000, together with attorney fees and costs of this action, accrued interest at the rate allowable by law, and any additional relief as this Court may deem just and proper.

### Count IV
### Injunctive and Declaratory Relief-17 U.S.C. § 502

Shelton and DesignSense, for Count IV of their First Amended Complaint against MRI and the Alliance, states:

62. Shelton and DesignSense incorporates and restates its allegations from paragraph 1-37 into this Count.

63. If MRI and the Alliance are not restrained from posting the 3PQ RFP on its website, Shelton will suffer irreparable harm. Plaintiff will lose business, opportunities, and MRI or the Alliance instead will get the opportunities and business rightfully Plaintiff's.

64. Shelton and DesignSense ask that the copyright be attributed to Shelton for the 3PQ RFP on the website for Alliance or that it be removed from MRI/Alliance/NREL website. Thus, the requested remedy is narrow and will not unreasonably restrict MRI or the Alliance from conducting its business.

65. The relief sought by DesignSense is recognized by 17 U.S.C. § 502.

66. No bond is required given that the requested prohibition or addition of the copyright notice will not cause MRI any financial loss.

67. In addition to injunctive relief, Shelton request an order of this court establishing and declaring its copyright and other interests in the 3PQ RFP.

Wherefore, for the above-stated reasons, Shelton and DesignSense respectfully requests that the Court enter a judgment in its favor and against MRI and the Alliance under Count IV holding that MRI and the Alliance must either properly attribute the rights of Shelton in the 3PQ process by placing a copyright notice or removing the 3PQ

process from MRI and the Alliance website, for a declaration of the parties respective rights with respect to 3PQ, together with attorney fees and costs of this action, and any additional relief as this Court may deem just and proper.

## Count V
### Breach of September 14, 2007 Agreement

DesignSense, for Count V of its First Amended Complaint against MRI, states:

68. DesignSense incorporates and restates its allegations in paragraphs 1-37 into this Count.

69. The September 14, 2007 agreement to not reproduce or distribute copyrighted material without a copyright notice is a valid agreement to handle the limited use data (3PQ structure) provided by DesignSense and incorporated into the 3PQ RFP.

70. The Subcontract at Clause 3-G or Clause 4 G contemplated such an agreement for the protection of limited rights data.

71. MRI breached the contract by disclosing DesignSense's copyrighted 3PQ RFP and 3PQ structure without attribution or protection and because it removed DesignSense's copyright notice.

72. As a result of the breach of contract, DesignSense has suffered damages to be proven at trial.

Wherefore, for the above-stated reasons, DesignSense, Inc. respectfully requests that the Court enter a judgment in its favor and against MRI under Count V for a sum that exceeds $50,000, together with attorney fees and costs of this action, accrued interest at the rate allowable by law, and any additional relief as this Court may deem just and proper.

## Count VI
### Breach of August 6, 2007 Proposal Restriction

DesignSense, for Count VI of its First Amended Complaint against MRI, states:

73. DesignSense incorporates and restates its allegations in paragraphs 1-37 into this Count.

74. DesignSense provided the 3PQ RFP format to MRI with the express limitation as described on the proposal.

75. The 3PQ RFP format was provided to MRI in consideration for the protection agreement.

76. MRI breached this valid agreement when it disclosed the 3PQ RFP format and the derivative work (the RFP posted on MRI/NREL's website) without attribution to DesignSense or David M. Shelton.

77. As a result of the breach, DesignSense has suffered damages to be proven at trial.

Wherefore, for the above-stated reasons, DesignSense, Inc. respectfully requests that the Court enter a judgment in its favor and against MRI under Count VI for a sum that exceeds $50,000, together with attorney fees and costs of this action, accrued interest at the rate allowable by law, and any additional relief as this Court may deem just and proper.

## Count VII
## Breach of Leitner Agreement

DesignSense, for Count VII of its First Amended Complaint against MRI, states:

78. DesignSense incorporates and restates its allegations in paragraphs 1-37 into this Count.

79. DesignSense provided the 3PQ RFP format and RFP draft to MRI and its agent Karen Leitner with the copyright notice attached.

80. Leitner, an agent of MRI/NREL, then removed the copyright with the express promise that in consideration for the agreement to remove and disclose to only the three approved contractors that a protection plan for the 3PQ RFP format would be developed.

81. MRI breached this agreement by failing to develop any protection plan, and by posting the 3PQ RFP format on the internet.

82. As a result of the breach, DesignSense has suffered damages to be proven at trial.

Wherefore, for the above-stated reasons, DesignSense, Inc. respectfully requests that the Court enter a judgment in its favor and against MRI under Count VII for a sum that exceeds $50,000, together with attorney fees and costs of this action, accrued interest at the rate allowable by law, and any additional relief as this Court may deem just and proper.

## Count VIII
## Copyright Act
## 17 U.S.C. §501

Shelton and DesignSense, for Count VIII of its First Amended Complaint against MRI and the Alliance, states:

83. Shelton and DesignSense incorporate and restate its allegations in paragraphs 1-37 into this Count.

84. Plaintiffs have registered a copyright on the 3PQ RFP format with the United States Patent and Trademark office.

85. MRI and the Alliance are using in commerce at its website Shelton's copyrighted 3PQ RFP derivative work without attribution to Shelton or DesignSense.

86. MRI and the Alliance have posted the 3PQ RFP that DesignSense prepared

for Defendants under the Subcontract in the exact form of the RFP delivered by DesignSense to the Defendants.

87. The Defendants have used the 3PQ RFP and 3PQ structure in commerce, which is likely and has caused loss of business and other damages to DesignSense and Shelton.

88. MRI and the Alliance, despite Shelton's demands, have failed to give Shelton proper attribution and copyright notice for its 3PQ RFP.

89. The Defendants have also refused to stop using DesignSense's 3PQ RFP and claiming unlimited rights to use it.

90. The failure of MRI to properly attribute the 3PQ RFP to Shelton and DesignSense entitles Plaintiffs to actual and statutory damages under 15 U.S.C. §504.

91. Pursuant to 15 U.S.C. §505, Plaintiffs' are also entitled to a judgment for costs and reasonable attorney fees.

Wherefore, for the above-stated reasons, Shelton and DesignSense respectfully requests that the Court enter a judgment in its favor and against MRI and the Alliance under Count VIII for a sum that exceeds $50,000, together with attorney fees and costs of this action, accrued interest at the rate allowable by law, and any additional relief as this Court may deem just and proper.

## Count IX
### Tortious Interference with Prospective Business Advantage or Relationship

DesignSense, for Count IX of its First Amended Complaint against MRI, states:

92. DesignSense incorporates and restates its allegations in paragraphs 1-37 into this Count.

93. DesignSense has business relationships and expected future business relationships that include substantial financial profits as a result of its 3PQ RFP format.

94. MRI has knowledge of the substantial business relationships and expected future business relationships that exists for DesignSense as a result of the 3PQ RFP format.

95. That except for the conduct of MRI/NREL of posting the 3PQ RFP format on the internet without attribution, DesignSense was reasonably certain to have continued its business relationships and realized on its expectations of future business as a result of its 3PQ RFP format.

96. The removal of the copyright notice on the 3PQ RFP format and the posting on the internet was done intentionally and with malice towards Plaintiffs.

97. As a result of MRI's misconduct, DesignSense has suffered damages to be proven at trial.

Wherefore, for the above-stated reasons, DesignSense, Inc. respectfully requests that the Court enter a judgment in its favor and against MRI under Count IX for a sum that exceeds $50,000, together with attorney fees and costs of this action, accrued interest at the rate allowable by law, and any additional relief as this Court may deem just and proper.

    Hyland Law Firm LLC

**/s/Charles J. Hyland**
Charles J. Hyland
7300 West 110th St., Suite 930
Overland Park, KS 66210
(913) 498-1911
(913) 498-1950 (fax)
Charlie@hylandkc.com
ATTORNEY FOR PLAINTIFF

Exhibit A-Title page to Proposal
Exhibit B-September 14, 2007

## Verification by David Shelton

County of Johnson ) ss.
State of Kansas )

I, David Shelton, based on my personal knowledge, state:

1. I am older than 18 years of age and am competent to provide this affidavit.
2. I am the Plaintiff in this case, and a majority shareholder in DesignSense.
3. I have read the First Amended Complaint for Damages and Injunctive Relief. The factual statements are true and correct.

David Shelton

Before me, a notary public, appeared David Shelton, known to me to be the person described in and who executed this Verification, and that the signature matched the signature on his driver's license and that the signature was a free act.

IN WITNESS, I set my hand and affix my official seal on the day and year written above.

SEAL

My commission expires: _____   Notary Public



STEPHANIE GATEWOOD
STATE OF KANSAS
My Appt. Exp. 6/26/2012





# DesignSense
*Leaders in Integrated Services Consulting*

## Title Page:

Proposal for

Professional Services

**"Design-Build Support Services for Research Support Facilities (RSF)"**

RFP No: RFJ-7-77640

**National Renewable Energy Laboratory**

August 06, 2007

David Shelton, Senior Vice President
dms@designsense-inc.com

DesignSense Inc.
25055 W Valley Pkwy, Suite 210
Olathe, KS 66061
Phone: 913.768.9646; Fax: 913.768.9787

---

"This offer includes data that shall not be disclosed outside the government or NREL and shall not be used or disclosed—in whole or in part—for any purpose other than to evaluate this offer. If, however, a subcontract is awarded to this offeror as a result of—or in connection with—the submission of this data, the government or NREL shall have the right to duplicate, use, or disclose the data to the extent provided in the resulting subcontract. This restriction does not limit the government or NREL's right to use information contained in this data if obtained from another source without restriction. The data subject to this restriction are contained in section 7.2 Demonstrated Ability of this offer.



DesignSense, Inc.
Attention: Mr. David Shelton
25055 W. Valley Parkway, Suite 210
Olathe, Kansas 66061

Subject:   Subcontract No. AFJ-7-77640-01, Design-Build Support Services, Research Support Facility Project, National Renewable Energy Laboratory, Golden, CO

Dear Mr. Shelton:

Per our telephone conversation of September 14, 2007, regarding copyright information contained in your technical proposal dated August 6, 2007, for the subject subcontract, enclosed is a document which provides nonexclusive rights to the Department of Energy and Midwest Research Institute of such copyright material. We agree that in the event it is necessary to reproduce and distribute the copyright material to any entity outside of NREL, we will not remove your copyright emblem from such reproduced material.

Please execute the enclosed document and return it to the undersigned. Please understand that failure to submit the enclosed document could possibly result in the Subcontract Administrator, with written notice to the subcontractor, ignoring and cancelling the copyright marking of the subcontractor proposal data, or result in the Subcontract Administrator utilizing a FAR allowed corrective action.

If you have any questions, please feel free to contact the undersigned at (303) 275-4288.

Sincerely,


Karen Leitner
Sr. Subcontract Administrator

Enclosures (1)

Subcontract No. AFJ-7-77640-01
Design-Build Support Services
Research Support Facilities

National Renewable Energy Laboratory
Golden, Colorado

The subcontractor, DesignSense, Inc., of Olathe, Kansas, grants to MRI/NREL and the Department of Energy, and others acting on its behalf, a paid-up, nonexclusive, irrevocable world-wide license in such copyrighted data to reproduce, prepare derivative works, distribute copies to the public, and perform publicly and display publicly, by or on behalf of MRI/NREL and the Department of Energy. And this license is granted notwithstanding DesignSense, Inc. markings pertaining to limitation and disclosure for MRI/NREL and the Department of Energy on the technical proposal dated August 6, 2007.

DESIGNSENSE, INC.

By: _____

Title: _____

Date: _____