IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 11-cv-02891-PAB-MJW

DAVID M. SHELTON; and
DESIGNSENSE, INC.;

    Plaintiffs,

v.

MRIGLOBAL; and
ALLIANCE FOR SUSTAINABLE ENERGY, LLC;

    Defendants.

---

### STIPULATED PROTECTIVE ORDER (Docket No 52-1)

Pursuant to D.C.COLO.LCivR 6.1(A), Plaintiffs David M. Shelton and DesignSense, Inc. and Defendants MRIGlobal and Alliance for Sustainable Energy, LLC (collectively, the "Parties") hereby stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information and Highly Confidential–Attorneys' Eyes Only Information (as hereinafter defined), and, in support thereof, state as follows:

**1. PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer

blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The Parties further acknowledge, as set forth in Section 10 below, that this Stipulated Protective Order creates no *per se* entitlement to file confidential information under seal.

**2. DEFINITIONS**

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their respective support staff).

2.2 Non-Party: an entity or individual, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their respective support staff).

2.3 Counsel: any attorney employed or retained who represents a Party or Non-Party in this action. This definition shall apply to all attorneys of a law firm, regardless of whether any individual attorney has entered an appearance in the case.

2.4 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.5 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.6 "Highly Confidential–Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or Non-Party

2

would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.7 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.8 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.9 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential–Attorneys' Eyes Only."

2.10 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential–Attorneys' Eyes Only."

2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who: (a) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action; (b) is not a past or a current employee of a Party or of a competitor of a Party; and (c) at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3. SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts,

3

summaries, or compilations thereof, plus testimony, conversations, or presentations by any Party or Counsel to or in court or in other settings that might reveal Protected Material.

### 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

### 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a Non-Party's attention that Disclosures or Discovery Material that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Section 5.2(b)), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential," or "Highly Confidential–Attorneys' Eyes Only" on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential–Attorneys' Eyes Only").

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be treated as "Highly Confidential–Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential–Attorneys' Eyes Only") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "Confidential" or "Highly Confidential–Attorneys' Eyes Only").

(b) for testimony given in deposition or in other pretrial or trial proceedings in this civil action, that the Party or Non-Party offering or sponsoring the testimony identify on the

record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Highly Confidential–Attorneys' Eyes Only."

The Party or Non-Party that sponsors, offers, or gives the testimony may also designate the testimony as a whole, and shall specify the level of protection being asserted ("Confidential" or "Highly Confidential–Attorneys' Eyes Only"). Testimony that is designated as a whole shall cease to be protected under this Order on the 21st day after receipt of the deposition transcript by Counsel for the witness unless, before that time has elapsed, the witness, his employer or his Counsel: (i) informs the deposing party in writing that protected testimony of the witness or his employer is set forth in the transcript; and (ii) identifies in writing the portions of the transcript containing the protected testimony. In the case of Non-Party witnesses, either Plaintiffs David M. Shelton and DesignSense or Defendants MRIGlobal and Alliance for Sustainable Energy LLC, the Non-Party witness, the Non-Party witness' employer, or counsel representing the Non-Party witness may designate testimony as a whole during the deposition, and, in accordance with the above provision, designate specific testimony as ("Confidential" or "Highly Confidential–Attorneys' Eyes Only") within 20 days of receipt of the deposition transcript by counsel for the Non-Party witness.

Transcript pages containing Protected Material resulting from this action must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Highly Confidential–Attorneys' Eyes Only," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c)  for testimony given in deposition or other proceedings, the Party or Non-Party shall designate specific testimony (including entire depositions) as "Confidential," "Highly

Confidential–Attorneys' Eyes Only," or some other similar designation prior to the disclosure of such testimony in accordance to discovery obligations. The need to designate such testimony under this Protective Order alone shall not provide a basis for seeking additional time to comply with discovery. Transcript pages containing Protected Material from this litigation need not be separately bound for the purposes of Disclosure. Unless an entire transcript is designated as including Protected Material, those portions of the transcript including Protected Material must be clearly marked and treated as such.

(d) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential," "Highly Confidential–Attorneys' Eyes Only," or some other similar designation. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential," "Highly Confidential–Attorneys' Eyes Only," or some other similar designation.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential–Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential–Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first. If, however, a Party has initiated a challenge to a Designating Party's confidentiality designation, in writing, and the Designating Party does not respond within seven business days, the challenging Party may proceed to the next stage of the challenge process.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party, or after not receiving a response from the Designating Party within seven business days after initiating the challenge, may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements

imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue, if any. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.4 Additional provision for Highly Confidential-Attorneys' Eyes Only Materials. In addition to the procedures set forth in Section 6.2, a Party that designates material as "Highly Confidential-Attorneys' Eyes Only" shall meet and confer with the Receiving Party regarding the applicability of the designation within 21 days of production to the Receiving Party. If the Parties agree as to the Highly Confidential-Attorneys' Eyes Only designation, the designated materials shall maintain that designation absent further agreement or Court order. If the Parties do not reach agreement, the Designating Party may file a motion for protective order to maintain the Highly Confidential-Attorneys' Eyes Only designation. If the Court denies the Designating Party's motion, or if Designating Party does not file such a motion within 30 days of production of the designated material to the Receiving Party, the Highly Confidential-Attorneys' Eyes Only material will be treated by the Parties as Confidential.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of

Section 13 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2  Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)  the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)  the officers, directors, and employees of the Receiving Party who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A). If such a person leaves the employ of a party during this litigation, access under this provision shall devolve upon the bona fide successor to that person's position of employment, subject to execution of the Acknowledgement attached hereto as Exhibit A; notwithstanding this succession, all persons who have access to material protected under this protective order shall be bound by its terms, even after leaving the employ of a party.

(c)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound by

10

Protective Order" (Exhibit A)  [Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order]; and

(g) the author of the document, the original source of the information, and others who had access to the document or the information at the time it was created or made available, as determined from the face of the document in question, reference information in other documents, or the testimony of other witnesses.

7.3  Disclosure of "Highly Confidential–Attorneys' Eyes Only" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential–Attorneys' Eyes Only" only to:

(a) the Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the Receiving Party's in-house counsel, including attorney employees of the Receiving Party and/or affiliate entities of the Receiving Party and their respective non-attorney paralegals or administrators for whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(c) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel; and

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation.

Notwithstanding the foregoing, Counsel of the Receiving Party will be permitted to rely upon such information in advising its clients so long as such information is not disclosed.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential–Attorneys' Eyes Only," the Receiving Party must so notify the Designating Party, in writing promptly and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

### 10. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

Nothing in this Stipulation and Protective Order shall require production of information which the Parties or any Non-Party contend is protected from disclosure by the attorney-client privilege or the work product immunity. If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information. If a Party has inadvertently produced to the other party information subject to claim of immunity or privilege, the other Party upon request shall promptly return the information for which a claim of inadvertent production is made. The Party returning such information may then move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production.

### 11. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action

any Protected Material. A party seeking to file documents under ~~seal~~ Restricted Access must first file a motion with the court requesting leave to do so, in accordance with the Local Rules for the District of Colorado. [7.2.] All documents filed under ~~seal~~ Restricted Access shall be served on the non-filing party outside of the CM/ECF system. Either Party may seek further protections from the Court prior to disclosure of materials or information designated as "Confidential" or "Highly Confidential–Attorneys' Eyes Only" at trial or a hearing.

MJW 7-16-12

## 12. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

### 13. MISCELLANEOUS

13.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**STIPULATED AND AGREED BY THE PARTIES:**

s/ Charles Hyland
Charles Joseph Hyland
Hyland Law Firm LLC
7300 West 110th Street #930
Overland Park, Kansas 66210
Phone: 913-498-1911
Fax: 913-498-1950
Email: charlie@hylandkc.com

*Attorneys for Plaintiffs*

s/ Jared B. Briant
Natalie Hanlon-Leh
Jared B. Briant
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Phone: (303) 607-3500
Fax: (303) 607-3600
Email: nhanlon-leh@faegre.com
jbriant@faegre.com

*Attorneys for Defendants*

**ENTERED BY THE COURT** this 16th day of July 2012.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the District of Colorado on _____ [date]

in the case of *David M. Shelton and DesignSense, Inc. v. MRIGlobal and Alliance for

Sustainable Energy, LLC*, 11-cv-02891-PAB-MJW.

I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my Colorado agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Case 1:11-cv-02891-PAB-MJW   Document 52-1   Filed 07/13/12   USDC Colorado   Page 18 of 18

Date: _____

City and State where sworn and signed: _____

Printed name: _____

    [printed name]

Signature: _____

    [signature]