IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02891-PAB-MJW

DAVID M. SHELTON and
DESIGNSENSE, INC.,

     Plaintiffs,

v.

MRIGLOBAL, a non-profit corporation, formerly Midwest Research Institute
its National Renewable Energy Laboratory Division, and
ALLIANCE FOR SUSTAINABLE ENERGY, LLC,

     Defendants.

---

**ORDER**

---

This matter is before the Court on defendants' Motion to Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) [Docket No. 66].

In the Second Amended Complaint [Docket No. 25], plaintiffs brought federal and state law claims against defendants.  On September 28, 2012, the Court dismissed plaintiffs' federal claims on the merits, finding that plaintiffs' allegations failed to state a claim upon which relief may be granted.  Docket No. 63 at 6.  In addition, the Court declined to exercise supplemental jurisdiction over plaintiffs' state law claims and dismissed the state law claims without prejudice.  *Id*. at 7-8.  That same day, the Clerk of the Court entered Final Judgment [Docket No. 64] in favor of defendants.  The final judgment, however, does not address the issue of costs.

In the present motion, defendants request that the Court amend the final judgment to reflect that they are entitled to costs as the prevailing parties pursuant to

Fed. R. Civ. P. 54(d).  Defendants also request leave to file a motion for recovery of full

costs and attorneys' fees pursuant to 17 U.S.C. § 505.

In order to succeed on a motion brought pursuant to Rule 59(e) of the Federal

Rules of Civil Procedure, a party must show either "(1) an intervening change in the

controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct

clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d

1005, 1012 (10th Cir. 2000).  A Rule 59(e) motion must be filed no later than 28 days

after the entry of the judgment.  Fed. R. Civ. P. 59(e).  In this case, the final judgment

entered on September 28, 2012 and defendants filed their motion to alter or amend the

judgment on October 12, 2012.  Accordingly, defendants' motion is timely.

Defendants argue that they are entitled to costs pursuant to Rule 54(d) because

they were the prevailing parties.  Docket No. 66 at 3-4.  Moreover, defendants claim

that, because the denial of costs constitutes a penalty, the Court must either amend the

final judgment to allow defendants to recover their costs or provide a valid reason for

denying costs.  *Id*. at 4.  By contrast, plaintiffs argue that defendants should bear their

own costs in this case.  Docket No. 67 at 1.  Plaintiffs contend that, because the Court

did not reach the merits of the state law claims, defendants did not prevail on all the

claims brought in this case.  *Id*. at 1-2.

For purposes of Rule 54(d), a prevailing party is a party in whose favor final

judgment is rendered, regardless of the amount of damages awarded.  *See Barber v.*

*T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001); *see also Archer v. Farmer*

*Bros. Co.*, 90 P.3d 228, 230 (Colo. 2004) (noting that, under Colorado law, "[a]

2

prevailing party is one who prevails on a significant issue in the litigation and derives some of the benefits sought by the litigation").  Additionally, a litigant who is the prevailing party for purposes of attorneys' fees is also the prevailing party for purposes of costs.  *Barber*, 254 F.3d at 1234; *see also Hensley v Eckerhart*, 461 U.S. 424, 433 (1983) (noting that under fee-shifting statutes, a plaintiff who "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit" is a "prevailing party").  Moreover, the Supreme Court has instructed that a prevailing party analysis is not based on whether the party won a complete and total victory, but rather whether the party "succeeded on any significant claim affording it some of the relief sought" and there has been a "material alteration of the legal relationship of the parties."  *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-93 (1989).

As noted above, on September 28, 2012, the Court dismissed plaintiffs' federal claims on the merits for failure to state a claim upon which relief may be granted.  *See* Docket No. 63 at 7-8; Fed. R. Civ. P. 12(b)(6).  This dismissal qualifies as a material alteration of the relationship between the parties because plaintiffs' claims are now subject to res judicata.  *See Allen v. McCurry*, 449 U.S. 90, 94 (1980) ("[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action").  In addition, defendants qualify as the prevailing parties because final judgment entered in their favor.  *Barber*, 254 F.3d at 1234.  Moreover, defendants succeeded on two significant issues in the litigation and received all the relief they sought in their motion to dismiss.

3

*Garland*, 489 U.S. at 791-93.  In light of these facts, the Court finds that defendants are the prevailing parties for purposes of Rule 54(d).

Under Rule 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The Tenth Circuit has held that "[w]hether or not a prevailing party shall be awarded costs is 'within the court's sound discretion.'" *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004) (citation omitted).  However, Rule 54(d) creates a presumption that the court will award costs to the prevailing party.  *Marx v. Gen. Rev. Corp.*, 668 F.3d 1174, 1182 (10th Cir. 2011). Accordingly, the burden is on the non-prevailing party to overcome the presumption that costs will be awarded to the prevailing party, and "[w]hen a district court exercises its discretion and denies costs to a prevailing party, it must provide a valid reason for the denial."  *Rodriguez*, 360 F.3d at 1190.

Generally, a prevailing party may move for costs at any time after the Court enters judgment.  Fed. R. Civ. P. 54(d)(1); *see Hiller v. United States*, 2008 WL 4534052, at *4 n.4 (N.D.Cal. Sept. 30, 2008) (noting that Rule 54(d)(1) does not set a time limit to present a bill of costs to the Clerk of the Court); 10A Charles Wright, Arthur Miller & Mary Kane, Fed. Prac. & Proc. § 2679 (3d ed. 2010) (noting that the "text of Rule 54(d)(1) does not indicate when the motion for taxation of costs must be made"). Local Rule 54.1, however, provides that "[e]ach judgment or final order shall indicate which party or parties are entitled to costs.  A bill of costs must be filed on the form provided by the court within 14 days after entry of the judgment or final order." D.C.COLO.LCivR 54.1.  In this case, because the final judgment does not reference the

4

award of costs and defendants filed their motion to amend the judgment within fourteen days of the entry of final judgment, the Court finds that defendants' motion is timely and complies with the Local Rules.  *See Brooks v. Gaenzle*, No. 06-cv-01436-CMA-MJW, 2009 WL 4949922, at *5 (D. Colo. Dec. 15, 2009) (allowing defendant to seek costs because the final order did not reference the award of costs).  Moreover, plaintiffs provide no valid reason to deny defendants their costs.  *See, e.g., Cantrell v. Int'l Bhd. of Elec. Workers*, 69 F.3d 456, 458-59 (10th Cir. 1995) (Courts consider the following factors to determine whether to deny costs: (1) whether the prevailing party was obstructive and acted in bad faith during the course of litigation, (2) whether only nominal damages are awarded, (3) whether the issues were close and difficult, (4) whether the costs are unreasonably high or unnecessary, or (5) whether the non-prevailing party is indigent).  Thus, because the denial of costs is "in the nature of a severe penalty," *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995), to prevent manifest injustice, the Court will grant defendants' motion and amend the final judgment to indicate that defendants are awarded their costs as the prevailing parties.  *Servants of the Paraclete*, 204 F.3d at 1012.

Defendants also request leave to file a motion for full costs and attorneys' fees pursuant to 17 U.S.C. § 505.  Docket No. 66 at 3-4.  Under 17 U.S.C. § 505, a party in "copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable."  *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989).  Under § 505, the question of whether fees should be awarded to the

prevailing party is left to the court's discretion.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 n. 11 (1994) ("[D]istrict courts are to use their discretion in awarding attorney's fees and costs to the prevailing party").  Moreover, any motion for attorneys' fees must be made within 14 days of the entry of judgment.  Fed. R. Civ. P. 54(d)(2)(B).  In this case, plaintiff's motion was filed within fourteen days of the entry of judgment and, therefore, is timely.  *See Mattel, Inc. v. Radio City Entm't*, 210 F.R.D. 504, 505 (S.D.N.Y. 2002).  Because defendants are the prevailing parties and defendants' motion is timely, the Court will grant defendants' request for leave to file a motion for full costs and attorneys' fees pursuant to 17 U.S.C. § 505.

For the foregoing reasons, it is

**ORDERED** that defendants' Motion to Amend or Alter the Final Judgment and to Extend Deadline for Filing Bill of Costs and Motion for Recovery of Full Costs pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d) [Docket No. 66] is **GRANTED**.  It is further

**ORDERED** that the Clerk of the Court shall amend the Final Judgment [Docket No. 64] to reflect that defendants may have their costs upon filing a bill of costs.  It is further

**ORDERED** that, within 14 days of this Order, defendants may file a bill of costs with the Clerk of the Court and a motion for recovery of full costs pursuant to 17 U.S.C. § 505.

DATED July 8, 2013.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge