IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02891-PAB-MJW

DAVID M. SHELTON and
DESIGNSENSE, INC.,

    Plaintiffs,

v.

MRIGLOBAL, a non-profit corporation, formerly Midwest Research Institute
its National Renewable Energy Laboratory Division, and
ALLIANCE FOR SUSTAINABLE ENERGY, LLC,

    Defendants.

**ORDER**

    This matter is before the Court on the Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1 [Docket No. 76] filed jointly by defendants MRIGlobal and Alliance for Sustainable Energy, LLC.  Defendants seek an order consolidating this case ("*DesignSense I*") with a related case, *DesignSense v. MRIGlobal*, 13-cv-01747-MSK-KLM ("*DesignSense II*"), pending in this District before Chief Judge Marcia S. Krieger.  Docket No. 76 at 1.

**I.  BACKGROUND**

    This dispute arose out of the following events: Plaintiff Design Sense, Inc. entered into a subcontract with defendant Midwest Research Institute, now MRIGlobal, relating to the U.S. Department of Energy's operation and management of the National Renewable Energy Laboratory in Golden, Colorado.  Docket No. 63 at 1.  In *DesignSense I*, plaintiffs alleged that defendants revealed copyrighted information on

the internet without proper attribution. Docket No. 63 at 2. Plaintiffs brought claims under the Lanham Act and Copyright Act, thus invoking this Court's federal question jurisdiction, along with several state law claims. Docket No. 25. This Court dismissed both federal causes of action and, declining to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), dismissed all remaining state law claims. Docket No. 63 at 6-7. The case was closed and Amended Final Judgment was entered on July 9, 2013. Docket No. 71.

Plaintiff filed *DesignSense II*, a separate action, in Missouri state court, which defendants subsequently removed to the United States District Court for the Western District of Missouri, whereupon the action was transferred to the District of Colorado. *DesignSense II*, 13-cv-01747-MSK-KLM [Docket No. 2 at 1, 7; Docket No. 2-1 at 3, 11]. The Amended Complaint asserts seven state law claims and one claim under the Lanham Act. *Id.* [Docket No. 5 at 4-11]. *DesignSense II* is currently proceeding in front of Chief Judge Marcia S. Krieger and United States Magistrate Judge Kristen L. Mix. The court entered a Scheduling Order and a Motion to Dismiss is currently pending. *See id.* [Docket No. 28; Docket No. 18].

Defendants ask this Court to consolidate *DesignSense I* and *DesignSense II*, claiming that both cases involve common questions of law and fact. Docket No. 76. Plaintiff does not object. Docket No. 79.[1]

---

[1] "[G]iven that this case was closed and dismissed, Plaintiff considered the motion to consolidate essentially as a motion to have the same judge hear the case newly transferred from Missouri . . . as heard this case." *Id.*

## II. ANALYSIS

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(2). Pursuant to Local Rule 42.1, the judge assigned to the lowest numbered case decides whether consolidation is warranted. D.C.COLO.LCivR 42.1. The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2381 at 427 (2nd ed. 1995)). Therefore, the Court will consider both judicial economy and fairness to the parties in exercising its discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Courts are reluctant to consolidate a pending case with a case where a final judgment has been entered, unless the final judgment is first vacated. *See Abels v. Skipworth*, 2010 WL 2376230, at *1 (W.D. Wash. June 9, 2010) (Fed. R. Civ. P 42(a) did not apply to an action that had been dismissed); *St. Charles Tower, Inc. v. Cnty. of Franklin*, 2010 WL 743594, at *8 (E.D. Mo. Feb. 25, 2010) ("In this instance, both actions may involve similar questions of law and fact, but only if the Court's consent

judgment is vacated and [the case] reopened.); *Howard v. Mo. Bone and Joint Ctr., Inc.*, 2010 WL 597348, at *1 (E.D. Mo. Feb. 17, 2010) ("[T]here is nothing pending before the Court in [this case]. Thus, there are no considerations of avoiding costs or conserving resources . . . ."). Here, *DesignSense I* was closed in its entirety and final judgment was entered on July 9, 2013. Docket No. 71. Therefore, as the case is closed and the final judgment has not been vacated, *DesignSense I* is not properly considered a pending case for the purposes of Fed. R. Civ. P. 42(a). Thus, the Court has no mechanism to consolidate the closed *DesignSense I* with the pending *DesignSense II*.

Defendants urge the Court to consolidate the actions because both cases arise out of the same subcontract and share several common questions of fact. Docket No. 76 at 4. However, in resolving *DesignSense I*, this Court considered only those alleged facts necessary to resolving Lanham Act and Copyright Act claims. Docket No. 63 at 2-6. The Court examined the subcontract only to determine whether it granted defendants permission to use plaintiffs' product and, further, whether any facts supported plaintiffs' claim that the material defendants posted online was substantially similar to any copyrighted material. *Id.* Resolving *DesignSense II* would require consideration of all facts underlying plaintiffs' state law claims – facts this Court did not need to reach in resolving *DesignSense I*. Accordingly, the Court finds that the common questions of fact are limited such that consolidation would not create any measurable judicial economy.

Defendants further argue that the cases involve common issues of law, pointing

out that the plaintiffs brought a Lanham Act claim in both cases. Docket No. 76 at 6. While the cases may share a common question of law concerning a Lanham Act claim, the plaintiffs in DesignSense II assert seven additional claims arising under state law. Therefore, the state law claims which make up a majority of *DesignSense II* were not issues of law the Court considered in *DesignSense I* and are not a basis for claiming common questions of law exist between the two cases. Thus, the Court finds that consolidation of *DesignSense I* and *DesignSense II* would not result in judicial economy as contemplated by Fed. R. Civ. P. 42(a).

## III.  CONCLUSION

Accordingly, it is

**ORDERED** that defendants' Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1 [Docket No. 76] is **DENIED**.

DATED February 26, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge