IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02891-PAB-MJW

DAVID M. SHELTON and
DESIGNSENSE, INC.,

    Plaintiffs,

v.

MRIGLOBAL, a non-profit corporation, formerly Midwest Research Institute
its National Renewable Energy Laboratory Division, and
ALLIANCE FOR SUSTAINABLE ENERGY, LLC,

    Defendants.

---

**ORDER**

---

This matter is before the Court on Defendants' Motion for Award of Full Costs Pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505 [Docket No. 75] filed by defendants MRIGlobal and Alliance for Sustainable Energy, LLC ("Alliance").

**I. BACKGROUND**

Plaintiff DesignSense, Inc. entered into a subcontract with Midwest Research Institute, now defendant MRIGlobal ("MRI"), relating to the U.S. Department of Energy's operation and management of the National Renewable Energy Laboratory in Golden, Colorado. Plaintiffs alleged that, pursuant to that subcontract, they were to "provide design-build support services including providing to MRI a derivative work of it's [sic] copyrighted and proprietary 3PQ [Request for Proposal ("RFP")] structure." Docket No. 25 at 5, ¶ 16. "The 3PQ RFP structure is a proprietary format developed by [plaintiff] David M. Shelton and licensed to DesignSense to create derivative works to assist

owners like the Department of Energy to manage and control the design and build process for buildings." Docket No. 25 at 5, ¶ 18. Plaintiffs alleged that defendants revealed the copyrighted "3PQ RFP structure" on the internet without proper attribution in violation of the Copyright Act. *Id.* at 16-17, ¶¶ 83-91. Plaintiffs also brought a claim under the Lanham Act, 15 U.S.C. § 1125, and a number of state law claims related to the subcontract.

On February 15, 2012, defendants filed a motion to dismiss on all claims. Docket No. 34. On September 28, 2012, the Court dismissed plaintiffs' Copyright and Lanham Act claims for failure to state a claim. Docket No. 63 at 7. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declined to exercise supplemental jurisdiction over plaintiffs' state law claims and dismissed plaintiffs' state law claims without prejudice. *Id.*

On August 6, 2013, defendants filed a motion under 17 U.S.C. § 505, seeking $60,733 in attorneys' fees and $1,811.66 in costs. Docket No. 75.

**II. ANALYSIS**

> [T]he court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. A party in "copyright actions may be awarded attorney's fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." *Frank Music Corp. v. Metro-Goldwyn-Mayer Inc.*, 886 F.2d 1545, 1556 (9th Cir. 1989). "Prevailing plaintiffs and prevailing defendants are to be treated alike," but whether fees should be awarded to the prevailing party is left to

the court's discretion.  *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994).  Accordingly, where the Court granted defendants' motion to dismiss plaintiffs' copyright claim, the Court finds that defendants are prevailing parties under § 505.

### A.  Attorneys' Fees

In determining whether to award fees under § 505, the court must consider the following nonexclusive factors: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."  *Fogerty*, 510 U.S. at 534 n.19 (internal quotation marks omitted); *see also Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005) (approving use of *Fogerty* factors).

Defendants first argue that plaintiffs' claim was frivolous and objectively unreasonable because the claim was based upon a process or set of ideas, which are not protected by copyright law.  Docket No. 75 at 7.  A copyright infringement claim is "objectively unreasonable when the claim is clearly without merit or otherwise patently devoid of a legal or factual basis."  *Porto v. Guirgis*, 659 F. Supp. 2d 597, 617 (S.D.N.Y. 2009) (internal quotation marks omitted) ("similarities alleged by the plaintiff are unprotectible elements").[1]  "In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery."  17 U.S.C. § 102(b).  As such, alleged similarities

---

[1] Courts often consider the frivolousness and objective unreasonableness factors together.  *See, e.g., ZilYen, Inc. v. Rubber Mfrs. Ass'n*, 958 F. Supp. 2d 215, 220 (D.D.C. 2013).

between a copyrighted work and an allegedly infringing work cannot be based upon unprotectible ideas. *See Mallery v. NBC Universal, Inc.*, 2008 WL 719218, *2 (S.D.N.Y. Mar. 18, 2008). In granting defendants' motion to dismiss, the Court found: "To the extent plaintiffs contend that their 'format' or 'structure,' i.e., some sort of process or set of ideas, is protected by copyright, their claim clearly fails." Docket No. 63 at 4-5. However, plaintiffs' copyright claims were dismissed pursuant to Rule 12(b)(6) based on a failure to properly plead the claims. The record is insufficient for the Court to conclude factually that plaintiffs' copyright claim was wholly, or even substantially, based upon unprotectible processes or ideas. *See Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 833 (10th Cir. 1993) (recognizing difficulty of determining which elements of a computer software program are protected by copyright). Moreover, defendants offer no additional facts in support of their argument. Thus, the Court lacks a sufficient basis upon which to determine objective unreasonableness.

Second, defendants argue that plaintiff unreasonably failed to allege facts indicating a substantial similarity between plaintiffs' registered material and defendants' posted material. Docket No. 75 at 7. "'Substantial similarity' is the operative term in infringement cases, meaning a determination of 'whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking materials of substance and value.'" *Home Design Services, Inc. v. Starwood Constr., Inc.*, 801 F. Supp. 2d 1111, 1118 (D. Colo. 2011) (quoting *Country Kids 'N City Slicks, Inc. v. Sheen*, 77 F.3d 1280, 1288 (10th Cir. 1996)). Plaintiffs allege that the 3PQ RFP

structure was registered with the United States Patent and Trademark office and argue that their complaint made an attempt to allege a substantial similarity between plaintiffs' registered material and defendants' posted material.  See Docket No. 25 at 5-6, ¶¶ 19, 24-26.  Although the Court found that plaintiffs failed to allege substantial similarity, defendants fail to show that such failure compels a conclusion that plaintiffs' claim was frivolous or objectively unreasonable.  See Jovani Fashion, Ltd. v. Cinderella Divine, Inc., 820 F. Supp. 2d 569, 573 (S.D.N.Y. 2011) ("The grant of a motion to dismiss does not in itself render a claim unreasonable.").  The cases that defendants rely upon were based on a factual finding of dissimilarity, a state of the case not reached here.  As such, the Court lacks a sufficient basis upon which to conclude that plaintiffs' deficient pleading, by itself, renders plaintiffs' copyright claim frivolous or objectively unreasonable.

Third, defendants argue that plaintiffs' copyright claim was objectively unreasonable because the contract between the parties granted defendants "unlimited rights" to plaintiffs' work product.  Docket No. 75 at 9.  Upon finding that plaintiffs failed to sufficiently allege substantial similarity, the Court expressly declined to reach the issue of whether the subcontract granted defendants an unlimited right to use the 3PQ RFP structure.  Docket No. 63 at 6 n.4.  Determining whether defendants had unlimited rights under the subcontract would require the Court to construe the subcontract and likely require the Court to reach the merits of plaintiffs' breach of contract claim – a claim the Court dismissed for lack of subject matter jurisdiction.  See Bridgeport Music, Inc. v. Sony Music Entm't, Inc., 114 F. App'x 645, 652 (6th Cir. 2004) (noting that material breach of a covenant could, under some circumstances, "allow the licensor to

rescind the license and hold the licensee liable for infringement for uses of the work thereafter" (internal quotation marks omitted)).  Although defendants' interpretation of the subcontract may well prevail were this issue to proceed to the merits, the Court expressly declined to decide the issue in resolving defendants' motion to dismiss and will not now decide the issue in resolving defendants' motion for attorneys' fees.

Defendants argue that plaintiffs were improperly motivated to bring their copyright claim.  Docket No. 75 at 11.  Specifically, defendants claim that plaintiffs sought a "windfall in damages" and brought this suit "in an effort to obtain more than the benefit of [their] bargain."  *Id.*  Defendants fail to produce evidence in support of their arguments.  Thus, the Court finds no basis upon which to conclude that plaintiffs acted with improper motivation or brought their copyright claim in bad faith.  *See Jovani Fashion*, 820 F. Supp. 2d at 574 ("[prevailing defendant] does not point to any direct or even circumstantial evidence of [plaintiff's] alleged ulterior motive"); *Meshwerks, Inc.*, 528 F.3d at 1270 n.11 ("Neither are we presented with evidence suggesting that Meshwerks' motivation in filing this suit was anything other than sincere.").

The final factor is whether the award of attorneys' fees will "advance considerations of compensation and deterrence."  *Fogerty*, 510 U.S. at 534 n.19.  "'[C]opyright assures authors the right to their original expression, but encourages others to build freely upon the ideas and information conveyed by a work.'"  *Id.* at 527 (quoting *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co.*, 499 U.S. 340, 349-50 (1991)).  "To that end, defendants who seek to advance a variety of meritorious copyright defenses should be encouraged to litigate them."  *Fogerty*, 510 U.S. at 527.

Where a plaintiff continues to pursue an unreasonable claim, considerations of compensation weigh in favor of compensating defendant for engaging counsel and expending resources in its own defense.  *See Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006).  Likewise, plaintiffs should be deterred from bringing unreasonable claims.  *Id.*

Defendants argue that they should be compensated for their "vigorous defense" of plaintiffs' copyright claims.  Docket No. 75 at 10.  Plaintiffs argue that they have limited means and that a full award of attorneys' fees would put plaintiffs out of business.  Docket No. 78 at 7.  The respective financial conditions of the prevailing and losing party is not dispositive, but courts have recognized that considerations of evenhandedness can be relevant.  *See Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 796 (S.D. Tex. 2009) (noting that where an individual songwriter sues an established artist and music publishing companies, the need to compensate defendants is reduced).  Moreover, this is not a case where evidence suggests that plaintiffs' lack of success was a result of anything beyond a simple failure to state a copyright claim.[2]  *Cf. Baker*, 431 F. Supp. 2d at 359 (finding the plaintiff should be deterred from bringing claims motivated by a cost/benefit analysis).  Although the Court recognizes the need to deter plaintiffs from pursuing frivolous and unreasonable claims, the Court cannot conclude, under these facts, that deterrence considerations outweigh the other *Fogerty* factors.  *See Palladium Music*, 398 F.3d at 1200-01 (noting district court's consideration

---

[2]The Court also finds no support for defendants' argument that any failure by defendants to vigorously defend this suit "could have ushered in a new era of copyright litigation aimed . . . at stifling the 'competition' upon which America thrives."  Docket No. 75 at 10 (internal quotations omitted).

7

of "competing interests furthered by the Copyright Act" supported denying attorneys' fees award to prevailing defendant). Thus, defendants have failed to provide a sufficient basis for the Court to conclude that the *Fogerty* factors weigh in favor of an award of attorneys' fees.[3]

The Court turns to defendants' requests for costs under 17 U.S.C. § 505. Defendants request costs for telecommunications, courier service, online legal research, and online filing fees. Docket No. 75-2. Although plaintiffs brought numerous claims, defendants fail to explain or indicate the portion of those costs that were reasonably incurred in defending plaintiffs' copyright claim. *See Balsley v. LFP, Inc.*, 691 F.3d 747, 773 (6th Cir. 2012) (upholding award of fees "for the portion of services that [trial court] determined [were] attributable to litigating the direct copyright claim"). Moreover, for the above-stated reasons, defendant has failed to show that the *Fogerty* factors weigh in favor of awarding defendant additional costs under § 505.[4]

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion for Award of Full Costs Pursuant to Fed. R. Civ. P. 54(d) and 17 U.S.C. § 505 [Docket No. 75] is **DENIED**.

---

[3] Because the Court will not award defendants attorneys' fees under § 505, the Court need not reach the merits of plaintiffs' argument that defendants are not entitled to attorneys' fees because they "held [themselves] out to be the Government in the Subcontract" and were "acting as an officer of the United States working as the 'owner' of the RSF project." Docket No. 78 at 3.

[4] The Court need not determine whether § 505 permits the award of costs beyond those costs taxable under 28 U.S.C. § 1920. *See Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) (noting circuit split).

DATED March 13, 2014.

                                       BY THE COURT:

                                       s/Philip A. Brimmer
                                       PHILIP A. BRIMMER
                                       United States District Judge